IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BRADFORD C. WALKER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:14-cv-833-L |
| | § | |
| SCOULER & COMPANY, LLC, ET AL., | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER GRANTING MOTION TO COMPEL**

Plaintiff Bradford C. Walker has filed a Motion to Compel, seeking an order requiring Defendants Scouler & Company, LLC and Dan Scouler to serve their initial disclosures as required by Federal Rule of Civil Procedure 26(a)(1). *See* Dkt. No. 39. United States District Judge Sam A. Lindsay referred the motion to the undersigned for determination. *See* Dkt. No. 40. Defendants were ordered to respond by December 9, 2014, but have failed to do so. *See* Dkt. Nos. 41 & 42. For the reasons explained below, the Court GRANTS Plaintiff's Motion to Compel [Dkt. No. 39].

Plaintiff reports that Defendants have failed to file their mandatory Rule 26(a)(1) initial disclosures for many months, despite the parties' agreement to serve the required initial disclosures by August 4, 2014. *See* Dkt. No. 39 at 1-2. Where the parties held their Federal Rule of Civil Procedure 26(f) conference on June 16, 2014, *see* Dkt. No. 32 at 1, and then later agreed to extend their date to exchange disclosures to August 4, 2014, Defendants' Rule 26(a)(1)(A) initial disclosures are now well overdue under Federal Rule of Civil Procedure 26(a)(1)(C), *see* FED. R. CIV. P. 26(a)(1)(C) ("A

party must make the initial disclosures at or within 14 days after the parties' Rule 26(f) conference unless a different time is set by stipulation or court order, or unless a party objects during the conference that initial disclosures are not appropriate in this action and states the objection in the proposed discovery plan."). Rule 26(a)(1) initial disclosures are mandatory, and each party must serve them on the other parties, "without awaiting a discovery request," "[e]xcept as exempted by Rule 26(a)(1)(B) or as otherwise stipulated or ordered by the court." FED. R. CIV. P. 26(a)(1)(A). There is no stipulation, court order, or Rule 26(a)(1)(B) exemption applicable here that excuses Defendants' noncompliance with Rule 26(a)(1)'s disclosure requirement. Further, "[a] party is not excused from making its disclosures because it has not fully investigated the case or because it challenges the sufficiency of another party's disclosures or because another party has not made its disclosures." FED. R. CIV. P. 26(a)(1)(E).

The Court ORDERS Defendants Scouler & Company, LLC and Dan Scouler to serve the required Federal Rule of Civil Procedure 26(a)(1)(A) initial disclosures on Plaintiff's counsel by **December 15, 2014**.

Federal Rule of Civil Procedure 37(a)(5)(A) provides that, if a motion to compel is granted, "the court must, after giving an opportunity to be heard, require the party ... whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees," except that "the court must not order this payment if: (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or

objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." FED. R. CIV. P. 37(a)(5)(A).

The Court will grant Defendants Scouler & Company, LLC and Dan Scouler until **December 31, 2014** to file a response to this order, addressing whether the Court should issue an order requiring Defendants and/or Defendants' counsel to pay Plaintiff, as a sanction as required by Rule 37(a)(5), the expenses, including attorneys' fees, that Plaintiff incurred in making his Motion to Compel. In their response, Defendants should fully explain whether Defendants contend that Plaintiff filed his Motion to Compel before attempting in good faith to obtain the required initial disclosures without court action, whether Defendants' nondisclosures were "substantially justified," or whether other circumstances make an award of expenses under Rule 37(a)(5) unjust. Plaintiff may file a reply regarding these matters by **January 14, 2015**. The Court defers ruling on any award of expenses under Federal Rule of Civil Procedure 37(a)(5) pending this additional briefing. If the Court orders an award of Rule 37(a)(5) expenses after receiving (or failing to receive) this briefing, the Court will set a later deadline for any application for the award of expenses, including fees.

SO ORDERED.

DATED: December 11, 2014

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE